UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES CORNELIUS | ) Case Number<br>)<br>) |
| Plaintiffs, | )<br>) CIVIL COMPLAINT |
| vs. | )<br>) |
| GRAHAM, NOBLE & ASSOCIATES | ) JURY TRIAL DEMANDED<br>) |
| Defendant. | ) |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Charles Cornelius, by and through his undersigned counsel, Warren, Vullings & Vassallo, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Charles Cornelius (hereinafter "Plaintiff"), is an individual consumer and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here, has a New Jersey business license and has an agent for service of process in New Jersey.

### III. PARTIES

4. Plaintiff, Charles Cornelius, is an adult individual and citizen of the State of Arkansas, presently serving with the Army at Camp Robinson, Building 3000, North Little Rock, Arkansas 72199. Mr. Cornelius is a Sergeant First Class.

5. Defendant, Graham, Noble & Associates ("Defendant"), at all times relevant hereto, is and was a limited liability corporation engaged in the business of collecting debt within the State of New Jersey with its principal place of business located 3411 Bailey Avenue, Suite 1, Buffalo, New York 14215.

6. Defendant is engaged in the collection of debts from consumers using the mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On February 19, 2008, at 1000 hours, plaintiff received a call at Camp Robinson, a federal military installation at the address noted above, from an individual who identified himself as "Mr. Bill Stewart". Mr. Stewart told plaintiff he wanted to speak to plaintiff's commanding officer and that he would talk to plaintiff, but he wanted to send plaintiff something that would "explain in depth".

8. Mr. Stewart told plaintiff he would fax him information within the hour, but documents never arrived.

9. Mr. Stewart called back at 1500 hours and advised plaintiff he was sending the fax. The document purported to be a thirty (30) day letter. Indeed, the letter violates the FDCPA, inasmuch as it does not contain any of the requirements of the same, and instead, threatens that if plaintiff does not pay the full amount "We will have to pursue the account accordingly". The letter was dated in December, 2007 and plaintiff first received it on February 19, 2008.

10. Upon reviewing the fax, plaintiff asked Mr. Steward what it was all about, whereupon Mr. Stewart lied to plaintiff, telling him he was an attorney with the law firm of defendant. Mr. Stewart further threatened plaintiff by telling he had until 1700 hours to pay the debt or Mr. Stewart was going to (1) send a warrant for plaintiff's arrest to Hot Springs, Colorado; (2) file federal charges against plaintiff; (3) sue plaintiff for fraud; (4) file criminal charges against plaintiff for stealing; (5) file criminal charges against plaintiff for receiving goods under false pretenses.

11. In this telephone call, Mr. Stewart further stated that plaintiff would lose his job from Active Duty because defendant was going to win no matter what plaintiff said.

12. Plaintiff told Mr. Stewart he did not owe the debt and he was not going to settle anything until he spoke with legal counsel. Mr. Stewart responded by telling plaintiff he was doing plaintiff a favor by not having him arrested and charged, and that Mr. Stewart was instead helping plaintiff and his family.

13. Plaintiff requested additional documentation to prove that he owed the debt, but Mr. Stewart stated he could not prove anything unless it went to court, at which time they would secure the necessary documents.

14. On February 20, 2008, plaintiff instructed an assistant at Camp Robinson to call Mr. Stewart and tell him to stop calling plaintiff. When the assistant hung up the phone, Mr. Stewart called plaintiff directly but did not leave a message.

15. Later in the day, plaintiff called Mr. Stewart and told him he would not be paying anything unless he received appropriate documentation of the alleged debt. Mr. Stewart became irate and raising his voice to such an extent that plaintiff asked several times to speak with a supervisor until Mr. Stewart obliged.

16. Mr. Russell was identified as Mr. Stewart's supervisor. Plaintiff waited on hold for fifteen (15) minutes for Mr. Russell, hung up and called back to Mr. Russell's purported extension only to reach Mr. Stewart again, not Mr. Russell.

17. When Mr. Stewart answered the telephone call, he advised plaintiff that Mr. Russell would "be right there", but he never picked up the phone.

18. When plaintiff called back at the same extension, an individual identified as "Mrs. Rebecca Taylor", who claimed to be Mr. Russell's supervisor, spoke with plaintiff. Plaintiff started telling Mrs. Taylor what happened, but she immediately became belligerent and abusive, cutting him off and dictating to him what plaintiff was going to do. When plaintiff informed her that Mr. Stewart threatened plaintiff with arrest and incarceration, Mrs. Taylor told him she didn't care and that plaintiff was going to pay the debt or she would send a warrant for his arrest "and that's all there is to it", whereupon Mrs. Taylor rudely hung up on plaintiff.

19. Plaintiff called back one more time and Mr. Stewart answered the phone and told plaintiff he wanted to apologize for what he had done.

20. Defendant's rude, abusive, demeaning, deceptive and harassing calls to plaintiff and third parties are a violation of the FDCPA.

## COUNT I
## FDCPA VIOLATION 15 U.S.C. § 1692 et seq.

21. The above paragraphs are hereby incorporated herein by reference.

22. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. 15 U.S.C. 1692e(10), in that Defendant used false representations or deceptive means to collect or attempt to collect the alleged debt as stated more clearly above.

   b. 15 U.S.C. 1692e(11), in that Defendant failed to state in a series of telephone calls that it was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

   c. 15 U.S.C. 1692d, in that Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

23. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, attorney's fees and costs and other appropriate relief, pursuant to 73 P.S. § 201-9.2.

WHEREFORE, Plaintiff respectfully requests that this court enter judgment in their favor and against Defendant and Order the following relief:

    a.    Declaratory judgment that the Defendant's conduct violated the FDCPA;

    b.    Actual damages;

    c.    Statutory damages pursuant to 15 U.S.C. §1692k;

    d.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k;

and

    e.    Such addition and further relief as may be appropriate or that the interests of justice require.

## V.   JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN, VULLINGS & VASSALLO, LLP

Date:  2/26/08

BY:  /s/Bruce K. Warren
Bruce K. Warren
Warren, Vullings & Vassallo LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800    Fax 215-745-7880
Attorney for Plaintiff